**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

**NATHANIEL L. COLEMAN, #N4073**                                                            **PETITIONER**

**VS.**                                                                                      **NO.1:11CV223-HSO-JMR**

**STATE OF MISSISSIPPI, et al.**                                                             **RESPONDENTS**

## REPORT & RECOMMENDATIONS

This matter comes before the Court pursuant to the Respondent's Motion [8] to Dismiss Pursuant to § 2244(d) filed July 11, 2011. As the Petitioner failed to timely file a response, the Court by Order [9] granted the Petitioner twenty additional days to file a response. On October 17, 2011, the Petitioner filed a Motion for Extension of Time to File Response. The Court granted the motion and set the new due date on December 6, 2011. To this date, the Petitioner has not filed a response. Having considered Respondents' motion along with the entire record and applicable law, this Court finds that Respondents' motion is well-taken. Accordingly, this Court recommends that the Motion [8] to Dismiss Pursuant to § 2244(d) should be granted and the Petition [1] in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

On October 30, 2008, Coleman was convicted of felony murder and sentenced to life in prison. Ex. A attached Mot'n [8-1]. Coleman appealed his conviction to the Mississippi Supreme Court and on March 2, 2010, the Mississippi Court of Appeals affirmed his conviction. Ex. B attached Mot'n [8-2]. Thereafter, Coleman did not seek rehearing from the Mississippi Supreme Court and did not file a petition for writ of certiorari with the Supreme Court of the United States. *See* Pet'n. [1] 2. Coleman also did not seek state post-conviction relief.

The instant petition is not dated, however the envelope was stamped received on May 23, 2011, by the United States District Court for the Northern District of Mississippi. The petition was received by the Southern District on May 27, 2011, and filed that same day.

## ANALYSIS

The Respondents argue that the Petition [1] is untimely filed in violation of the one-year statute of limitations provision of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA"). Section 2244(d) of AEDPA provides:

> (d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). A petitioner has a one-year period beginning at final judgment, subject to the tolling provision of (d)(2) and the exceptions found in (1)(B)-(d), to properly file his federal habeas petition; thus, in "assessing the timeliness of a federal habeas petition," the date a judgment became final is critical. *Mark v. Thaler*, 646 F.3d 191, 192 (5th Cir. 2011).

State court convictions become final "when the availability of direct appeal to the state courts

has been exhausted and the time for filing a petition for filing a writ of certiorari has elapsed or a timely filed petition has been finally denied." *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994); *See also Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003). If the defendant ends the appeal process before exhausting state court review, the conviction becomes final when "the time for seeking direct review" in state court expires. § 2244(d)(1)(A); *Roberts*, 319 F.3d at 694.

Coleman did not exhaust state court review; after the Mississippi Court of Appeals affirmed his conviction on March 2, 2010, he did not seek discretionary review by filing a petition for rehearing in the Mississippi Supreme Court. *See* MS. R. APP. P. 40. As a result, his conviction is considered final under 2244(d)(1)(A) when the period for requesting discretionary review ended fourteen days after the affirmation of his conviction on March 16, 2010. *See Jones v. Bingham,* 2011 WL 64308 (N.D. Miss. 2011) Coleman did not pursue state post-conviction relief, therefore his federal habeas petition was due one year later on March 16, 2011.

Under the "mailbox rule" a petitioner's *pro se* federal habeas petition is deemed filed on the date he delivered the petition to prison officials for mailing. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Thus, the earliest date supported by the record that Coleman could have filed his petition was the date it was received by the United States District Court for the Northern District of Mississippi, May 23, 2011. Considering this date as the filing date, the petition was filed sixty-eight days past the March 16, 2011, deadline and is barred by § 2244(d).

## Conclusion

For the foregoing reasons, it is the recommendation of this Court that Respondents' Motion [8] to Dismiss should be granted and the Petition [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with

a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).[1]

**THIS** the 12th day of December, 2011.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.